United States District Court
Southern District of Texas
**ENTERED**
January 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLUSTER HOLDCO, LLC, *et al.*, § | |
| § | |
| Appellants, § | |
| v. § | |
| § | BANKRUPTCY NO. 23-90786 |
| ALLISON D. BYMAN, as Chapter 7 § | CIVIL ACTION NO. H-25-1771 |
| Trustee, *et al.*, § | |
| § | |
| Appellees. § | |

# MEMORANDUM OPINION AND ORDER

This is an appeal from a bankruptcy judge's order authorizing a law firm, Orrick, Herrington & Sutcliffe LLP, to assist the Chapter 7 Trustee in prosecuting claims on behalf of estate creditors. The appellants allege that Orrick and the Trustee untimely disclosed information required by Section 327 and Rule 2014; that Orrick performed work for the Trustee before receiving the bankruptcy judge's approval; that Orrick's work strayed beyond the specified special purpose for its retention; and that the retention order allows Orrick to prosecute some claims assigned to the appellants.

The threshold issue is whether the judge's retention order, and his denial of the appellants' motion to reconsider that order, are appealable final orders. The court concludes that under Fifth Circuit precedent, retention orders are interlocutory; the collateral-order doctrine does not apply; and the issues raised do not justify granting leave to appeal. The appellee's motion to dismiss this appeal, (Docket Entry No. 30), is granted. The appeal is dismissed.

The reasons are explained in detail below.

I.      **Background**

SmileDirectClub, Inc. and its affiliated debtors filed for Chapter 11 bankruptcy in 2023—over two years ago. (Bankr. Docket Entry No. 1). The debtors obtained debtor-in-possession financing with Cluster Holdco LLC serving as the debtor-in-possession agent. (Bankr. Docket Entry No. 61 at 2; Bankr. Docket Entry No. 296 at 2). After reorganization failed and the bankruptcy court declined to approve a structured dismissal, the case converted to a Chapter 7 bankruptcy, and the Trustee was appointed in January 2024. (Bankr. Docket Entry No. 617).

After conversion, the Trustee and Cluster Holdco entered into a series of court-approved agreements that determined, for instance, how the Trustee could use remaining assets in the estate to fulfill her statutory duties or how Cluster Holdco could foreclose on collateral on behalf of the debtor-in-possession lenders. (*See, e.g.*, Bankr. Docket Entry No. 787, 800, 808, 837). One such agreement allowed the Chapter 7 Trustee to assign nearly all remaining collateral to Cluster Holdco. (Bankr. Docket Entry Nos. 638, 655, 796, 798). This order permitted the assignment of legal claims against third parties, but it reserved the Trustee's right to sue on specified insider claims. (*See* Bankr. Docket Entry No. 796 ¶ 18 n.5).

In March 2024, the Trustee retained Orrick, Herrington & Sutcliffe LLP as counsel to research and pursue specified insider claims. (Bankr. Docket Entry No. 847-2). The appellants argue that Orrick also performed work as a general bankruptcy counsel for the Trustee during this period.

In August 2024, the Trustee filed an application to retain Orrick as special litigation counsel under 11 U.S.C. § 327(e). (Bankr. Docket Entry No. 847). The Trustee filed at the same time a separate motion for litigation financing. (Bankr. Docket Entry No. 844). The bankruptcy court denied without prejudice the application to retain Orrick but denied with prejudice the motion for

2

litigation financing because the final debtor-in-possession financing order, (Bankr. Docket Entry No. 296), prohibited the Trustee from using Section 364(d) of the Bankruptcy Code to obtain financing senior to the liens and claims secured under that previous financing order. (Bankr. Docket Entry Nos. 907, 913).

After the bankruptcy court rejected the application to retain Orrick, the appellants discovered that the Trustee had retained Orrick to conduct work on her behalf since early 2024. (Docket Entry No. 15 at 19–21). The Trustee had retained Orrick to manage an electronic discovery database created for securities litigation in Tennessee. (Docket Entry No. 29 at 16–22). The securities plaintiffs moved in the bankruptcy court for an order allowing the Trustee to waive the debtors' attorney-client privilege in that Tennessee litigation. (Bankr. Docket Entry No. 920). The motions practice showed that Orrick had been managing the electronic database in that litigation and, as a result, had custody of documents that were debtor-in-possession collateral. (*See* Bankr. Docket Entry No. 1024). The bankruptcy court ruled that the Tennessee court should resolve the securities plaintiffs' motion on privilege. (Bankr. Docket Entry No. 966).

In December 2024, the Trustee filed a second application to retain Orrick as special litigation counsel. (Bankr. Docket Entry No. 957). The appellants objected. (Bankr. Docket Entry No. 972, 974). The parties extensively litigated the retention order issue. (Bankr. Docket Entry Nos. 976, 977, 978, 979, 980, 981, 982, 998, 999, 1007, 1008, 1009, 1010, 1011, 1012, 1013, 1014, 1015, 1016, 1017, 1024). The bankruptcy court granted the application to retain Orrick. (Bankr. Docket Entry No. 1019). The appellants moved for reconsideration. (Bankr. Docket Entry Nos. 1031, 1032). The bankruptcy court denied the motions for reconsideration. (Bankr. Docket Entry No. 1050).

3

This timely appeal followed. (Bankr. Docket Entry No. 1051). The appellants did not seek leave to appeal the orders as interlocutory. The Trustee has moved to dismiss the appeal for lack of jurisdiction. (Docket Entry No. 30).

## II.     Analysis

A federal district court has jurisdiction to hear appeals—and an aggrieved litigant may appeal as of right—from the "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). Some non-final orders are appealable as of right under the collateral-order doctrine. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949). If neither route is viable, a district court, in its discretion, may grant leave to hear an interlocutory appeal from the bankruptcy court. *In re Ichinose*, 946 F.2d 1169, 1176–77 (5th Cir. 1991).

The Trustee argues that the retention order is not a final, appealable order. The appellants respond that the retention order is final and appealable; that the collateral-order doctrine applies; and, in the alternative, that this court should grant leave to consider the interlocutory appeal. None of the appellants' arguments are persuasive considering binding Fifth Circuit precedent. This court does not have jurisdiction over the appeal.

### A.     Final Order

"A bankruptcy case need not be appealed as a single judicial unit at the end of the entire bankruptcy proceeding; rather, an order must constitute either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case for the order to be considered final." *In re Tullius*, 500 F. App'x 286, 290 (5th Cir. 2012) (per curiam) (cleaned up). "The conclusion of a discrete judicial unit in the larger case, rather than the conclusion of the entire litigation, results in a final appealable order." *In re Kizzee-Jordan*, 626 F.3d 239, 242 (5th Cir. 2010) (cleaned up). "In the bankruptcy context,

however, the relevant 'judicial unit' for application of the finality rule is not the overall bankruptcy case, 'but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition.'" *In re Tri-Valley Distrib., Inc.*, 533 F.3d 1209, 1213–14 (10th Cir. 2008) (per curiam) (quoting *In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990)); *see also In re Holloway*, 370 F. App'x 490, 492 (5th Cir. 2010) (per curiam) ("Finality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation." (quoting *In re England*, 975 F.2d 1168, 1172 (5th Cir. 1992))).

The Trustee argues that, under Fifth Circuit precedent, an "order approving the appointment of . . . counsel for [the] trustee is interlocutory and unappealable." *In re Delta Servs. Indus., Etc.*, 782 F.2d 1267, 1272 (5th Cir. 1986); *see In re Smyth*, 207 F.3d 758, 763 (5th Cir. 2000) ("Orders appointing counsel under the Bankruptcy Code are interlocutory and are not generally considered final and appealable."); *In re Pericone*, 319 F. App'x 325, 326 (5th Cir. 2009) (per curiam) ("Regarding the district court's remand on the issue of the appointment of counsel for the trustee, we have held that such an order of a bankruptcy court is not final"); *cf. In re Texas Sec., Inc.*, 218 F.3d 443, 444 (5th Cir. 2000) (reviewing an order approving a special litigation counsel's final request for fees).

The appellants argue that the retention order is final and appealable because it is a final determination of the parties' rights to secure the relief they seek (barring Orrick's retention) and because it finally disposes of a discrete issue within the bankruptcy case (Orrick's retention). (Docket Entry No. 36 at 6–10). They argue that *Delta Services* does not control and has been abrogated by more recent Fifth Circuit precedent on the standard for finality in the bankruptcy context. (*Id.* at 13).

5

The appellants' arguments are not persuasive. The Fifth Circuit's precedent is clear and controlling. "Orders appointing counsel under the Bankruptcy Code are interlocutory and are not generally considered final and appealable." *In re Smyth*, 207 F.3d at 763. Nor is the Fifth Circuit an outlier. "A majority of the circuits have found such orders are not final." *In re W. Robidoux, Inc.*, 663 B.R. 731, 735–36 (B.A.P. 8th Cir. 2024) (collecting cases). In *Pericone*, the Fifth Circuit relied on the Ninth Circuit's decision in *Westwood Shake & Shingle*. *See In re Pericone*, 319 F. App'x at 326 n.2 (citing *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 389 (9th Cir. 1992)). The Ninth Circuit held that "[w]here the underlying bankruptcy court order involves the appointment or disqualification of counsel, courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context." *In re Westwood Shake & Shingle, Inc.*, 971 F.2d at 389.

The appellants argue that *Delta Services* does not control because it concerned the appointment of a general bankruptcy counsel under § 327(a) for an interim trustee, not special litigation counsel under § 327(e) for a permanent trustee. (Docket Entry No. 36 at 11). They argue that *Delta Services* also relied too heavily on rigid finality standards that apply to traditional civil litigation, not bankruptcies. (*Id.* at 11–12). Neither argument is a sufficient basis to depart from the Fifth Circuit's clear statements. Although *Delta Services* involved different facts, the principle it established—that there is "no basis for granting greater appealability to orders denying motions to disqualify counsel in bankruptcy cases than to those in ordinary civil cases," 782 F.2d at 1272— makes immaterial the factual distinctions that the appellants emphasize. *Delta Services* did not rely on either the fact that the order appointed counsel for an interim trustee or on the fact that the firm served as general bankruptcy counsel. The Fifth Circuit has reaffirmed *Delta Services*'s holding by citing cases that have ruled similarly on appeals from orders retaining special litigation

6

counsel. *See In re Westwood Shake & Shingle*, 971 F.2d at 391 ("[T]he bankruptcy court order appointing Sirianni as special counsel to the trustee under 11 U.S.C. § 327 was interlocutory . . . ."). In addition, *Delta Services*'s controlling principle refutes the claim that later precedent abrogated the decision's reasoning: The Fifth Circuit understood that bankruptcy requires a more flexible finality standard, *see id.* at 1269, but found "no basis" to conclude that bankruptcy's more flexible standard required a different conclusion from "those in ordinary civil cases," *id.* at 1272.

Even if some more recent cases have modified the general standard for the finality of bankruptcy orders, this court is still bound by the directly controlling decision in *Delta Services*. Panels in the Fifth Circuit must follow the decisions of previous panels "absent an intervening change in the law," *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008), by the Supreme Court or the Fifth Circuit sitting en banc, *see Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 234 (5th Cir. 2023). Intervening decisions must repudiate past rulings unequivocally. *See id.* As a result, when there are conflicting panel decisions, the earliest panel decision controls. *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 410 (5th Cir. 2006). Even if the finality standard shifted in Fifth Circuit bankruptcy cases, the appellants still have not shown that *Delta Services* is no longer binding under the rule of orderliness or the prior-panel-precedent rule. Lower courts are "bound by even . . . crumbling precedents." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 406 (2024). In any event, *Delta Services* considered bankruptcy's flexible finality standard and is still binding under more recent precedent. The rulings in *Smyth* and *Pericone* make that clear. *In re Smyth*, 207 F.3d at 763; *In re Pericone*, 319 F. App'x at 326.

Other district courts in the Fifth Circuit have agreed that *Delta Services* continues to control whether retention orders, including those retaining special litigation counsel, are final and

appealable. *See, e.g.*, *Swank v. L & J Tr.*, No. 10-cv-366, 2010 WL 2218181, at *2 (W.D. La. May 28, 2010); *In re Wald*, No. 11-cv-53644, 2013 WL 1680102, at *2 (W.D. Tex. Apr. 17, 2013); *see also In re CES Env't Servs., Inc.*, No. CIV.A. H-11-560, 2011 WL 1237939, at *2 (S.D. Tex. Mar. 31, 2011). The decisions in the Fifth Circuit on which the appellants rely reviewed retention orders on the merits without discussing whether those orders were either final or interlocutory for purposes of appeal. *See, e.g.*, *In re Wichita River Oil Corp.*, 214 B.R. 308, 309 (E.D. La. 1997) (addressing no challenge to or analysis of finality or appellate jurisdiction); *In re Contractor Tech., Ltd.*, No. CIV.A. H-05-3212, 2006 WL 1492250, at *1 (S.D. Tex. May 30, 2006) (same). The appellants have not cited a case applying Fifth Circuit law that has held that a retention order is final and appealable.

This court is bound to conclude that the bankruptcy court's order retaining Orrick as special litigation counsel is not final and appealable.

### B.    Collateral-Order Doctrine

The appellants argue that even if the order compelling production is not "final" under § 158(a)(1), it is immediately appealable under the collateral-order doctrine. "The collateral order doctrine is best understood not as an exception to the final decision rule laid down by Congress in § 1291, but as a practical construction of it." *Martin v. Halliburton*, 618 F.3d 476, 482 (5th Cir. 2010) (internal quotations omitted) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). The doctrine encompasses "a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (cleaned up). "The claims are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Martin*, 618 F.3d at 482 (cleaned up) (quoting *Will v. Hallock*, 546 U.S. 345,

349 (2006)). As the Supreme Court reaffirmed, "th[is] class of collaterally appealable orders must remain 'narrow and selective in its membership.'" *Mohawk*, 558 U.S. at 113 (quoting *Will*, 546 U.S. at 349).

The Supreme Court has established three requirements for immediate appealability under the collateral-order doctrine: the order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will*, 546 U.S. at 349 (cleaned up). The class of claims to which the challenged order belongs, rather than the individual claim and its particular circumstances, must satisfy these three requirements. Courts are not to "engage in an individualized jurisdictional inquiry." *Mohawk*, 558 U.S. at 107 (cleaned up); *see also Martin*, 618 F.3d at 483 ("[W]e proceed on a categorical basis, looking only at whether 'the class of claims, taken as a whole, can be vindicated by other means' than immediate appeal" (quoting *Mohawk*, 558 U.S. at 107)).

Of these three requirements, the *Mohawk* Court emphasized the third, explaining that the "the decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk*, 558 U.S. 107 (quoting *Will*, 546 U.S., at 352–53). The third requirement focuses not on "whether an interest is important in the abstract." *Id.* at 108. The question "is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Id.* Courts "routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system." *Id.* at 108–09. The appellants must show that orders authorizing the retention of special litigation

9

counsel "are entitled to membership in the 'narrow and selective' class of collaterally appealable orders." *In re Royce Homes*, 466 B.R. at 93.

Under these principles, the retention order is not appealable as a collateral order. The Fifth Circuit held in *Delta Services* that an order retaining counsel and denying a motion to disqualify counsel was inseparable from the merits. 782 F.2d at 1272–73. The court explained that whether the law firm was properly retained depended on whether there was a conflict of interest between the law firm and Delta. *See id.* The potential conflict arose from a separate case in which the retained law firm sued, on behalf of their clients, defendants who had claims for contribution and indemnity against Delta. *See id.* Whether the retained law firm had a conflict with Delta in turn depended on whether any of those defendants "timely filed" an "allowable claim against Delta." *Id.* at 1273. Because the alleged conflict of interest depended on the development of the bankruptcy case itself, the appeal "would entangle" the court "in the merits of Delta's liquidation." *Id.* at 1273. The Fifth Circuit also explained that conflicts issues were not separate from the merits because a court cannot assess the prejudicial impact of a conflict until "after final judgment." *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981)).

The appellants argue that *Delta Services* does not control because this case does not present issues intertwined with the bankruptcy proceedings. The appellants claim that their arguments against Orrick's appointment "involve threshold questions of statutory authority, adequate disclosure, professional eligibility, and the integrity of the bankruptcy process." (Docket Entry No. 36 at 16). According to the appellants, this appeal would not entangle this court with the merits of the bankruptcy proceedings, as the appeal in *Delta Services* did.

This argument misses the second rationale in *Delta Services*: that prejudice can only be assessed at the termination of the litigation. The Fifth Circuit routinely reviews orders approving

attorney's fees made by counsel who may not have been properly retained under the Code. The law in such cases is clear that a bankruptcy court "is not required . . . to deny all compensation [even] if an attorney has an adverse interest and is found to not be disinterested." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 462 (5th Cir. 2012) (citing *In re W. Delta Oil Co., Inc.*, 432 F.3d 347, 355 n.22 (5th Cir. 2005)). Whether a disqualifying conflict exists, for example, or whether a complete denial of fees is appropriate under the circumstances can depend on whether the retained counsel "took action contrary to the interests of the estate." *Compare id* at 464 (finding no evidence of adverse representation of the bankruptcy estate), *with In re W. Delta Oil*, 432 F.3d at 349–58 (denying fees because the attorneys for the debtor were actively plotting to harm the estate for their own benefit). Similar principles apply to violations of disclosure requirements. *See In re Am. Int'l Refinery*, 676 F.3d at 465–66 (explaining that courts' "decision to impose sanctions" for disclosure failures is reviewed "for abuse of discretion" (citing *In re Crivello*, 134 F.3d 831, 839 (7th Cir. 1998))); *In re Citation Corp.*, 493 F.3d 1313, 1321–22 (11th Cir. 2007) (holding that because neither Rule 2014 nor the Code mandate a sanction, "whether to impose a penalty and the nature and extent of the penalty is generally a matter left to the bankruptcy court's discretion").

      Bankruptcy courts have "discretion in deciding whether the court should deny in whole or in part the fee request of an erroneously employed professional." *In re Crivello*, 134 F.3d at 839. They can find that professionals who have not assiduously adhered to the Code still "may provide services which are beneficial to the estate." *Id.* at 838. Whether bankruptcy judges abused their discretion in appointing counsel can depend on how the professionals performed, which is "often . . . difficult to assess until . . . after final judgment" or the completion of their services. *In re Delta Servs.*, 782 F.2d at 1273 (quoting *Firestone Tire*, 449 U.S. at 377); *see also In re Westwood Shake & Shingle*, 971 F.2d at 390 (holding, for this reason, that an order appointing special litigation

11

counsel is "not completely separate from the merits" (citing *In re Delta Servs.*, 782 F.2d at 1272–73)).

For related reasons, the appellants cannot establish the third requirement that the order appointing Orrick will be effectively unreviewable on appeal from a final judgment. "[S]uch orders are usually amenable to appellate review after a final judgment has been entered." *In re Westwood Shake & Shingle*, 971 F.2d at 390. Appellate courts reserve the right to vacate judgments procured against conflicted counsel, for example. *See id.* (citing *Firestone Tire*, 449 U.S. at 377–78). To be sure, orders appointing special litigation counsel can present a unique problem if the court in which the special litigation occurs "lacks jurisdiction to review orders of the bankruptcy court." *Id.* But this concern "is without merit" and does not establish that the retention order is appealable under the collateral-order doctrine. *Id.* "The bankruptcy court retains the power to remove [Orrick] as special counsel" if issues arise. *Id.* The bankruptcy court "may also waive [Orrick's] fees . . . if [its] representation of the trustee does not comply with" the Code. *Id.* As a result, "effective review of the order appointing [Orrick] as special counsel is available through the bankruptcy court." *Id.* at 391.

The appellants argue that these protections are insufficient because throughout the litigation Orrick can "waive privileges, disclose sensitive documents, negotiate settlements, and take litigation positions that could diminish the value or priority of" Cluster Holdco's "collateral." (Docket Entry No. 36 at 18). But this is not the sort of prejudice the collateral-order doctrine is meant to resolve. This prejudice results not from the alleged violations for which the appellants seek review but from the fact that the Trustee wants to pursue special litigation in the first place,

12

which is not an issue squarely raised on appeal.[1]  The appellants do not argue, for example, that the asserted prejudice would dissipate if the bankruptcy court retained counsel who completely complied with the relevant disclosure rules and did not commit the alleged violations raised on appeal.  There is no argument that Orrick has a unique and special motive to harm Cluster Holdco or the estate or that the bankruptcy court overlooked such facts or missed them because of deficient process.  The collateral-order doctrine is not meant to "preserve the integrity of the bankruptcy process."  (Docket Entry No. 38 at 12).  It protects a "*particular* value of a high order."  *Mohawk*, 558 U.S. 107 (emphasis added) (quoting *Will*, 546 U.S., at 352–53).  The appellants have offered only a generalized interest in the integrity of the liquidation.  They have not identified a particular value prejudiced by Orrick's retention yet not sufficiently limited by ongoing review of counsel in the bankruptcy court and final review of an award of attorney's fees.

Nor have the appellants shown how interlocutory review is necessary across the mine run of retention orders.  The collateral-order doctrine does not turn on an "individualized jurisdictional inquiry."  *Mohawk*, 558 U.S. at 107 (citation omitted).  The question is whether orders authorizing the retention of special litigation counsel "are entitled to membership in the 'narrow and selective' class of collaterally appealable orders."  *In re Royce Homes*, 466 B.R. at 93.  Even if ongoing supervision of the bankruptcy court and post-hoc punishment—through a refusal to award fees or

---

[1] The appellants raise a limited version of this question by arguing that the retention order authorizes Orrick to pursue claims that are assigned to the appellants. (Docket Entry No. 38 at 26–27).  But interlocutory review is not necessary to vindicate the appellants' concern.  The Trustee would not have standing to pursue claims she assigned to others. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1545 (3d ed. Supp. 2025) ("When all the rights to a claim have been assigned, courts generally have held that the assignor no longer may sue."); *see, e.g.*, *Pringle v. Atlas Van Lines*, 14 F. Supp. 3d 796, 800 (N.D. Tex. 2014); *cf. Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008) (emphasizing that assignees had standing because the assignors completely assigned the claims).  If Orrick does bring such a claim on the Trustee's behalf, the bankruptcy court can resolve the issue then.  The appellants can also raise the issue in the court in which the Trustee files suit.  This issue is readily reviewable in other fora and upon a final judgment.

appropriate sanctions—is allegedly insufficient in this case, as the appellants argue, they have not shown that the "bankruptcy judge's continuing close supervision" of counsel, *In re Global Marine, Inc.*, 108 B.R. 1009, 1011 (S.D. Tex. 1988), is insufficient across the class of retention orders.

It is doubtful that the appellants could make such a showing. The Fifth Circuit grants bankruptcy courts ample discretion in deciding whether to award fees to retained counsel, including to those who should not have been retained in the first place, or to sanction them. *See In re Am. Int'l Refinery*, 676 F.3d at 462, 465–66; *In re W. Delta Oil*, 432 F.3d at 354–55, 355 n.22; *see also In re Crivello*, 134 F.3d at 839; *In re Citation Corp.*, 493 F.3d at 1321–22. The "need for attorney discipline" can be "outweighed by the equities of the case." *In re W. Delta Oil Co.*, 432 F.3d at 355 n.22 (quoting *In re Watson Seafood & Poultry Co.*, 40 B.R. 436, 440 (Bankr. E.D.N.C. 1984)). Such a flexible standard of review implies that prejudice flowing from erroneously retained counsel can be adequately policed through discretionary fee awards. *See, e.g., id.* at 358 (holding that a special litigation counsel's actual conflict was so severe that a fee award was inappropriate); *In re Digerati Techs., Inc.*, 710 F. App'x 634, 635 (5th Cir. 2018) (per curiam) (affirming an order refusing to award professional fees because the "the application was insufficiently detailed, the services did not, and were not reasonably likely to, benefit the estate, and" the professional "had failed to disclose a connection with Digerati's counsel"); *cf. In re Crivello*, 134 F.3d at 839 (recognizing that a flexible rule may cause professionals to be "more willing to roll the dice and not disclose conflicts of interests" but concluding the effect is blunted by "the appropriate application of [courts'] discretion").

The retention order is not immediately appealable under the collateral-order doctrine.

##### C.     Leave To Appeal

"Most district courts in this circuit have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Off. Comm. of Equity Sec. Holders v. Sorrento Therapeutics, Inc.*, No. BR 23-90085, 2025 WL 933723, at *5 (S.D. Tex. Mar. 27, 2025) (citing *In re Ichinose*, 946 F.2d at 1177); *see also In re Hallwood Energy, L.P.*, No. 3:12-CV-1902-G, 2013 WL 524418, at *2–3 (N.D. Tex. Feb. 11, 2013); *Powers v. Montgomery*, No. 3:97-CV-1736-P, 1998 WL 159944, at *2 (N.D. Tex. Apr. 1, 1998). Many district courts conclude that "[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *Smith v. AET Inc., Ltd.*, No. CIV.A.C-07-123, 2007 WL 1644060, at *5 (S.D. Tex. June 4, 2007). "Interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances." *In re Royce Homes LP*, 466 B.R. at 94.

The court declines to grant leave to appeal because it would not materially advance the termination of the litigation. The appellants argue that the appeal will materially advance the litigation because if Orrick's retention is improper, "it will avoid years of potentially unauthorized litigation, prevent irreparable harm to estate assets and privileges, and clarify the administration of what are identified as key estate assets." (Docket Entry No. 36 at 22). The record does not support this claim. Both parties agree that the retention order authorized the Trustee to retain counsel to prosecute claims that are some of "the estates' few remaining assets." (Docket Entry No. 15 at 17; Docket Entry No. 30 at 11–12). If Orrick is not retained, then the Trustee will retain different counsel. Litigation over whether the Trustee can retain that counsel will likely ensue.

15

Entertaining this appeal will "prolong rather than hasten the termination of the litigation." *In re Royce Homes LP*, 466 B.R. at 94 (quoting *In re Gray*, 447 B.R. 524, 534 (E.D. Mich. 2011)).

The appellants' motion for leave to appeal the retention order is denied. *See, e.g.*, *Swank*, 2010 WL 2218181, at *3 (denying leave to appeal a retention order because the appeal did not meet the *Ichinose* requirements); *In re Wald*, 2013 WL 1680102, at *3 (W.D. Tex. Apr. 17, 2013) (same); *see also In re W. Robidoux, Inc.*, 663 B.R. at 738 (concluding that leave to appeal an order appointing special litigation counsel "is not appropriate" based on the parties' concessions that the "requisite elements are not present").

### III.  Conclusion

The court lacks jurisdiction over this appeal.  The motion to dismiss the appeal, (Docket Entry No. 30), is granted.

**DISMISSED**.

SIGNED on January 20, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge